## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

United States of America,                                    Criminal No. 04-135(1) (DWF)

          Plaintiff,

v.                                                           **ORDER AND MEMORANDUM**

Darrick Davon Riggins,

          Defendant.

---

Thomas M. Hollenhorst, Assistant United States Attorney, United States Attorney's Office, counsel for Plaintiff.

Darrick Davon Riggins, *Pro Se*, Defendant.

Robert D. Sicoli, Esq., Law Offices of Robert D. Sicoli, Ltd., counsel for Defendant.

---

Defendant Darrick Davon Riggins has moved for a sentencing reduction pursuant to the revised and retroactive amendments to the United States Sentencing Guidelines applicable to crack cocaine cases pursuant to 18 U.S.C. § 3582(c). The United States opposes Defendant's motion.

Based upon the presentations of the parties, including the submissions of the United States and the submissions of the Defendant, the Court having reviewed the contents of the file, including the sentencing proceeding in this matter, and the Court being otherwise duly advised in the premises, the Court hereby enters the following:

**ORDER**

1.      Defendant Darrick Davon Riggins's motion for a reduction of his sentence pursuant to the revised and retroactive amendments to the United States Sentencing Guidelines is respectfully **DENIED**.

Dated:  April 20, 2009          s/Donovan W. Frank
                                DONOVAN W. FRANK
                                Judge of United States District Court

**MEMORANDUM**

On April 7, 2005, the Court sentenced the Defendant to a sentence of 156 months. The Court first concluded that the Defendant was a career offender, pursuant to United States Sentencing Guidelines § 4B1.1 (2007).  However, the Court further concluded that the seriousness of Defendant's criminal history was overstated by his career offender status and the Court consequently departed below the applicable guidelines range and imposed a sentence of 156 months pursuant to § 4A1.3.

Despite the good faith and creative arguments of defense counsel, the career offender finding of the Court determined Defendant's base offense level and criminal history category.  The amendments to the United States Sentencing Guidelines did not change Defendant's guideline range and currently those amendments do not provide a basis for a sentence reduction.  *See United States v. Thompson,* Case No. 03-cr-47 (JNE) (D. Minn. Order dated Oct. 27, 2008).  On November 18, 2008, the Eighth Circuit summarily affirmed the judgment of the District Court in *United States v. Thompson* in

accordance with Eighth Circuit Rule 47A(a), citing *United States v. Tingle*, 524 F.3d 839 (8th Cir. 2008).

Amendment 706 to U.S.S.G. § 2D1.1 changed the offense level under U.S.S.G. § 2D1.1(c) for cocaine base convictions. Although Defendant's offense level has been affected by this amendment, his sentencing range as a career offender has not been. The sentencing range remains the same, namely 262-327 months. The Eighth Circuit has held that when a defendant is sentenced as a career offender, his sentencing range is determined by U.S.S.G. § 4B1.1, not by U.S.S.G. § 2D1.1. *United States v. Thomas*, 524 F.3d 889 (8th Cir. 2008). Consequently, the Defendant has not met the eligibility requirements for a reduction in his sentence pursuant to 18 U.S.C. § 3582(c)(2).

To the extent that the Defendant has moved the Court for an application of *United States v. Booker*, 543 U.S. 220 (2005), which of course determined that the Sentencing Guidelines were advisory when a sentence is first imposed, the Court has denied Defendant's request. *Booker* does not apply to 18 U.S.C. § 3582(c)(2) proceedings because they are not resentencing proceedings. *Never Misses a Shot v. United States*, 413 F.3d 781 (8th Cir. 2005).

Finally, the Defendant has argued that his situation is factually and legally different from most cases cited by the United States because, unlike most defendants who receive sentences within the sentencing range, he received a sentence below the range as a result of a departure by the Court. However, it is the Court's decision as to Defendant's career offender status that is determinative. That decision is not affected by the departure

that the Court made, not unlike the district court's decision in *United States v. Thompson*, which was summarily affirmed by the Eighth Circuit on November 18, 2008. *United States v. Thompson, supra*. Defendant received a reduced sentence from this Court of 156 months. Utilizing the applicable guidelines factors as set forth in 18 U.S.C. § 3553(a), the Court continues to find a sentence of 156 months to be fair and reasonable. The Court, therefore, respectfully declines to reduce the 156-month sentence previously imposed.

For the reasons stated, the Court denies Defendant's motion for a reduction of his sentence.

D.W.F.